NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3736
_____

BEN ROBINSON; MAXINE ROBINSON,
Appellants

v.

FAMILY DOLLAR INC; CHARLES RAMSEY, Individually and in his official capacity
as Commissioner of the Philadelphia Police Department; CITY OF PHILADELPHIA,
doing business as Philadelphia Police Department; JOHN DOES 1-10;
FAMILY DOLLAR STORES OF PENNSYLVANIA INC, D/B/A Family Dollar Inc;
BRAHEEM WILKINS, D/B/A Family Dollar, Inc. & Family Dollar Stores of
Pennsylvania, Inc.; WILFRID ETIENNE, Individually and in his official capacity as
police officer in the Philadelphia Police Department
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-03189)
Honorable Gerald J. Pappert, U.S. District Judge
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 30, 2016

Before: AMBRO, SMITH,[*] and FISHER,[*] *Circuit Judges*.

(Filed: February 9, 2017)

---

[*] Honorable D. Brooks Smith, United States Circuit Judge for the Third Circuit,
assumed Chief Judge status on October 1, 2016.
[*] Honorable D. Michael Fisher, United States Circuit Judge for the Third Circuit,
assumed senior status on February 1, 2017.

———————

OPINION[*]

———————

FISHER, *Circuit Judge*.

Ben and Maxine Robinson appeal the District Court's order dismissing with prejudice their second amended complaint alleging that Family Dollar Stores of Pennsylvania, Inc. committed various torts under federal and Pennsylvania law. We will affirm.

I.

This case involves an incident that allegedly occurred on April 29, 2013, while Ben Robinson was shopping at a Family Dollar store in Philadelphia.[1] As Robinson was leaving the store, he was approached by Family Dollar employee Braheem Wilkins, an unidentified Family Dollar security guard, and two unidentified Family Dollar employees.[2] The four employees accused Robinson of shoplifting, which Robinson denied.[3] After one of the employees hit Robinson, he was "severely gang beaten" and thrown to the ground.[4] The employees laughed at Robinson as they continued to strike

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Second Am. Compl. ¶ 10, App. 116a.
[2] *Id.* ¶ 12, App. 116a.
[3] *Id.* ¶¶ 12-13, App. 116a.
[4] *Id.* ¶ 14, App. 116a.

him; one of the employees used a tire iron.[5] The entire incident was captured on store surveillance video and independently on video by a bystander.[6] An ambulance transported Robinson to the hospital, where his injuries were treated.[7] Philadelphia Police Officer Wilfred Etienne arrested Robinson upon his release from the hospital and charged him with aggravated assault, robbery, retail theft, theft by unlawful taking, receiving stolen property, and simple assault.[8] On August 9, 2013, the Philadelphia Municipal Court dismissed all charges brought against Robinson.[9]

The Robinsons filed their initial complaint on June 4, 2014, naming as defendants Family Dollar, Inc. (hereinafter "FDI"), the City of Philadelphia, then-Philadelphia Police Commissioner Charles Ramsey, and John Does 1-10.[10] On October 30, 2014, the Robinsons filed a first amended complaint adding as defendants Family Dollar Stores of Pennsylvania, Inc. (hereinafter "Family Dollar"), Braheem Wilkins, and Officer Wilfred Etienne.[11] We will refer to the City of Philadelphia, Commissioner Ramsey, and Officer Etienne collectively as "the Philadelphia defendants." We will likewise refer to Family Dollar, FDI, Braheem Wilkins, and John Does 1-10 collectively as "the Family Dollar defendants."

---

[5] *Id.*
[6] *Id.* ¶ 15, App. 116a.
[7] *Id.* ¶¶ 16-17, App. 116a-117a.
[8] *Id.* ¶¶ 22-23, App. 117a.
[9] *Id.* ¶ 25, App. 118a.
[10] Compl. ¶¶ 4-7, E.D. Pa. ECF No. 1.
[11] First Am. Compl. ¶¶ 4-5, 8, App. 267a.

The first amended complaint contained six counts: (1) assault and battery against the Family Dollar defendants;[12] (2) malicious prosecution, false arrest, and false imprisonment against all defendants;[13] (3) municipal liability under *Monell v. Department of Social Services*[14] against the City of Philadelphia and Commissioner Ramsey;[15] (4) negligence and negligent supervision against the Family Dollar defendants;[16] (5) intentional/negligent infliction of emotional distress against the Family Dollar defendants;[17] and (6) loss of consortium against all defendants.[18]

Family Dollar and FDI moved to dismiss the first amended complaint on several grounds, including under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[19] While the motion was pending, the Robinsons voluntarily dismissed FDI without prejudice.[20] On May 27, 2015, the District Court granted Family Dollar's motion to dismiss under Rule 12(b)(6) and dismissed all claims against Family Dollar without prejudice.[21] In its opinion, the court held: (1) that the Robinsons' assault and battery claim failed to sufficiently allege Family Dollar's

---

[12] *Id.* ¶¶ 27-32, App. 270a.
[13] *Id.* ¶¶ 33-42, App. 271a-272a.
[14] 436 U.S. 658 (1978).
[15] First Am. Compl. ¶¶ 43-46, App. 272a.
[16] *Id.* ¶¶ 47-51, App. 272a-273a.
[17] *Id.* ¶¶ 52-54, App. 273a.
[18] *Id.* ¶¶ 55-57, App. 273a-274a.
[19] App. 14a.
[20] Stipulation and Order, E.D. Pa. ECF No. 23.
[21] App. 112a.

4

potential liability under the theory of *respondeat superior*;[22] (2) that for purposes of the malicious prosecution, false arrest, and false imprisonment claims, the Robinsons failed to allege that Family Dollar was a state actor subject to liability under 42 U.S.C. § 1983;[23] (3) that the negligent supervision claim was legally insufficient because it alleged that the Family Dollar employees were acting within the scope of their employment;[24] (4) that the negligence claim failed to allege any fact necessary to maintain a cause of action for negligence;[25] (5) that the Robinsons failed to allege any theory upon which they could support their claim of intentional infliction of emotional distress;[26] and (6) that the loss of consortium claim could not be supported since every other tort claim would be dismissed.[27] The District Court nevertheless granted the Robinsons leave to amend "to the extent they can allege *facts*" necessary to remedy the pleading deficiencies identified in the court's opinion.[28]

The Robinsons filed their second amended complaint on June 8, 2015.[29] Family Dollar again moved to dismiss on several grounds, including under Rule 12(b)(6).[30] On November 3, 2015, the District Court granted the Rule 12(b)(6) motion and dismissed all

---

[22] App. 102a-103a.
[23] App. 103a-106a.
[24] App. 106a-108a.
[25] App. 107a n.10.
[26] App. 108a-109a.
[27] App. 109a-110a.
[28] App. 111a.
[29] App. 113a.
[30] App. 125a.

claims against Family Dollar with prejudice.[31]  At the outset of its opinion, the court

noted that the Robinsons' second amended complaint was almost identical to their first,

containing only six new factual allegations.[32]  The court went on to dismiss each of the

Robinsons' claims against Family Dollar, largely for the reasons that the first amended

complaint was dismissed.[33]  As to the Robinsons' new factual allegations, the court noted

several times that they were woefully insufficient.[34]

At the close of its opinion, the District Court stated that it was "troubled" by the

Robinsons' second amended complaint.[35]  The court explained: "The document lacks any

new factual allegations; it instead contains six conclusory statements that parroted the

---

[31] *Robinson v. Family Dollar, Inc.*, Civ. No. 14-03189, 2015 WL 6689850, at *1 (E.D. Pa. Nov. 3, 2015).

[32] *Id.* at *2.

[33] *Id.* at *2-6.

[34] *See id.* at *3 (noting with regard to the Robinsons' assault and battery claim that their new allegation that "'the use of force by these Family Dollar employees was not unexpected by Family Dollar,'" "simply allege[d] a conclusion," rather than "plead 'facts'"(quoting Second Am. Compl. ¶ 20, App. 117a)); *id.* at *4 (noting with regard to the Robinsons' malicious prosecution, false arrest, and false imprisonment claims, that their two new allegations failed to "allege specific facts," but instead "merely [took] the Court's reasoning [from its opinion dismissing the first amended complaint] and subsumed it into their second amended complaint"); *id.* (noting with regard to the Robinsons' negligent supervision claim that their new allegation "is the same allegation the Court dismissed in its first opinion as dispositive," and calling "[t]he reiteration of a previously dismissed claim … improper at best and legally frivolous at worst"); *id.* at *5 (noting with regard to the Robinsons' intentional and negligent infliction of emotional distress claims that their new allegations "merely parrot those referenced by the Court" in its first opinion); *see also id.* at *4 (noting that the Robinsons repleaded their negligence claim without supplementing their second amended complaint with "anything factually supportive of a negligence claim").

[35] *Id.* at *6.

6

Court's reasoning in its first opinion dismissing the claims against Family Dollar. Additionally, the second amended complaint names FDI as a Defendant, despite the previous stipulation dismissing FDI from the case."[36] "Rather than heed the Court's direction and make the changes necessary to meet the Rule 12(b)(6) standard," the District Court noted that the Robinsons "decided to spend two and a half pages purporting to educate the Court on *Twombly* and *Iqbal*," and "continue[d] to disregard the importance of factual allegations at the 12(b)(6) stage."[37] The court then *sua sponte* ordered the Robinsons' counsel to show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11.[38] A show cause hearing was held, where the District Court declined to impose sanctions.[39] On November 3, 2013, the Robinsons stipulated to the dismissal of the Philadelphia defendants.[40] The Robinsons also filed a notice voluntarily dismissing Braheem Wilkins and John Does 1-10 with prejudice.[41]

This timely appeal followed.

## II.

The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of the

---

[36] *Id.*
[37] *Id.* at *7.
[38] *See id.*; Order, E.D. Pa. ECF No. 54.
[39] Show Cause Hearing, E.D. Pa. ECF No. 65.
[40] App. 264a.
[41] Notice of Voluntary Dismissal, E.D. Pa. ECF No. 57.

District Court's dismissal of the Robinsons' second amended complaint under Rule 12(b)(6) is plenary.[42]

## III.

## A.

Turning to the merits, we note at the outset that the Robinsons' brief is of such poor quality that it is difficult for us (and for Appellees[43]) to discern the reasons why we are asked to reverse the District Court's order. As best we can tell, the Robinsons contend that the District Court dismissed the second amended complaint under "an improperly heightened plausibility analysis."[44] We reject this argument.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation."[45] A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."[46] And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations pleaded "must be enough to raise a right

---

[42] *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 131 (3d Cir. 2016).

[43] *See* Family Dollar Br. 11 ("It is difficult to ascertain what Appellants' alleged particular points of error on appeal are from their Brief.").

[44] Robinsons' Br. 17.

[45] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[46] *Twombly*, 550 U.S. at 555.

to relief above the speculative level."[47]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[48]

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[49]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[50]  This plausibility determination "will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"[51]  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[52]

In accordance with the pleading requirements outlined in *Twombly* and *Iqbal*, we have formulated a three-step process for district courts to follow in reviewing the sufficiency of a complaint.[53]  First, the court "must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'"[54]  Second, it "should identify allegations that,

---

[47] *Id.*
[48] *Iqbal*, 556 U.S. at 678.
[49] *Id.* (quoting *Twombly*, 550 U.S. at 570).
[50] *Id.*
[51] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).
[52] *Iqbal*, 556 U.S. at 679 (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)).
[53] *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).
[54] *Id.* (brackets in original) (quoting *Iqbal*, 556 U.S. at 675).

9

'because they are no more than conclusions, are not entitled to the assumption of truth.'"[55]  And third, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."[56]

The District Court's analysis is entirely consistent with these principles.  For each count of the complaint, the court noted the elements of the Robinsons' claims.  The court then pointed out the conclusory nature of the Robinsons' factual allegations.  There being a complete absence of well-pleaded factual allegations, the court concluded that none of the Robinsons' claims could plausibly give rise to an entitlement to relief.

Citing the statement from our *Fowler* decision that "a plaintiff is not required to establish the elements of a *prima facie* case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element,"[57] the Robinsons contend that the District Court employed an improperly heightened evidentiary standard.[58]  But the District Court did not dismiss the Robinsons' second amended complaint because they could not prove a *prima facie* case.  Rather, the court emphasized that the Robinsons consistently failed to allege specific facts—or for

---

[55] *Id.* (quoting *Iqbal*, 556 U.S. at 679); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (alterations and internal quotation marks omitted)).

[56] *Connelly*, 809 F.3d at 787 (brackets in original) (quoting *Iqbal*, 556 U.S. at 679).

[57] 578 F.3d at 213 (internal quotation marks omitted).

[58] Robinsons' Br. 19-20.

some claims, *any* facts—sufficient to raise a right to relief above the speculative level. We agree with the District Court's conclusion and will therefore affirm its order dismissing the Robinsons' second amended complaint with prejudice.

B.

A few brief words in response to our good colleague's partial dissent. The Robinsons' assault claim can move forward on a *respondeat superior* theory, Judge Ambro reasons, because "[i]t is plausible—not speculative—that an employer might expect its employees to use force to protect an employer's property."[59] Judge Ambro next says that the Robinsons' negligent supervision claim passes muster because "[i]t is plausible to infer that employees who attack customers might have dangerous propensities."[60]

But why? *Iqbal* and *Twombly* require courts to identify all nonconclusory factual allegations *before* determining whether they give rise to a plausible claim for relief. The Robinsons' operative complaint merely offers conclusory assertions that the employees assaulted Ben Robinson "for the purpose of serving Family Dollar,"[61] and that "[m]onitoring for theft is within the scope of the John Does' employment."[62] What the Robinsons altogether fail to allege is a single fact—much less a well-pleaded one— suggesting that Family Dollar should have anticipated that its employees would

---

[59] Ambro Op. 2-3.
[60] *Id.* at 4.
[61] Second Am. Compl. ¶ 18, App. 117a.
[62] *Id.* ¶ 55, App. 121a.

intentionally use force against a customer or that its employees used force in the past so that Family Dollar knew about of their dangerous propensities. Without more by way of factual content, the Robinsons have failed to "nudg[e] their claims across the line from conceivable to plausible."[63]

Judge Ambro views this case as "a classic example of vicarious liability, similar to what many law students come across in their first year torts class."[64] True enough. But what this case also illustrates is a basic lesson from first year civil procedure: Rule 8 simply "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[65]

### IV.

Like the District Court, we are troubled by the manner in which the Robinsons have proceeded throughout this litigation. When the court dismissed their first amended complaint, it identified the factual deficiencies in the Robinsons' pleading. Rather than fix these shortcomings, the Robinsons' second amended complaint failed to plead additional factual allegations, and in some instances repleaded verbatim claims that were previously dismissed. All of this led the District Court to order the Robinsons' counsel to show cause why sanctions should not be imposed.

---

[63] *Twombly*, 550 U.S. at 570.
[64] Ambro Op. 1.
[65] *Iqbal*, 556 U.S. at 678-79.

12

Notwithstanding the District Court's warning, counsel continues his errant behavior on appeal. After the District Court chastised counsel for abjuring the pleading of factual allegations in favor of a brief containing "two and a half pages purporting to educate the Court on *Twombly* and *Iqbal*,"[66] he filed the *exact same brief* with this Court.[67] To make matters worse, while counsel at least attempted to defend the factual plausibility of the second amended complaint before the District Court,[68] here the Robinsons' brief contains not a word—much less a single citation to the operative complaint—suggesting that the court below overlooked something in ordering dismissal with prejudice. Instead, after repeating the same rote mention of *Iqbal* and *Twombly* that concerned the District Court, counsel's entire affirmative argument consists of a single sentence: "The District Court should not have dismissed *any* let alone all causes against Family Dollar."[69] Conclusory factual allegations are not made any more plausible by conclusory appellate arguments. We hope that such a practice will not be repeated by counsel in the future.

V.

For the reasons set forth above, we will affirm the District Court's order.

---

[66] *Robinson*, 2015 WL 6689850, at *7.
[67] *Compare* Robinsons' Br. 18-20 *with* App. 258a-261a.
[68] App. 261a-262a.
[69] Robinsons' Br. 23 (italics and underlining in original).

13

AMBRO, <u>Circuit Judge</u>, concurring in part and dissenting in part,

The Robinsons allege a classic example of vicarious liability, similar to what many law students come across in their first year torts class: a store's employees suspect a customer of shoplifting, then confront and assault the customer. Were the Robinsons' counsel competent, this case would not have been close. The District Court dismissed the first amended complaint and identified its factual deficiencies. If possible, counsel should have replied with additional factual allegations or, if those facts were unavailable, simply elected to stand on the complaint. *See, e.g., Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004), *as amended* (Dec. 23, 2004) ("If the plaintiff elects to stand on the dismissed complaint, however, the order of dismissal is final and appealable."). Instead, counsel merely parroted the District Court's legal conclusions in the second amended complaint. And on appeal counsel's performance again has been so deficient that the Robinsons would have been better served proceeding *pro se*. As my colleagues aptly note, "[counsel's appellate] brief is of such poor quality that it is difficult . . . to discern the reasons why we are asked to reverse the District Court's order." Maj. Op. 8.

That noted, I nonetheless believe that the Robinsons have made out a plausible basis to hold Family Dollar liable for its employees' assault, either under a *respondeat superior* liability theory or under negligence. Thus, while I agree with my colleagues that the § 1983 and infliction-of-emotional-distress claims are not plausible, I concur in part and dissent in part.

1

As the Majority recognizes, to state a plausible claim a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Maj. Op. 10 & n.56. Though the allegations are spare, in this context I believe they are sufficient to make out a claim. The District Court faulted the Robinsons for failing to allege facts that are not publicly available—the employer's subjective state of mind, such as its expectations of how its employees should handle suspected shoplifters. It would not be reasonable to expect this information before discovery, and there was none here.

As the District Court noted, Family Dollar may be liable for its employees' intentional torts under the *respondeat superior* theory if the employees' conduct "(1) [ ] is of a kind and nature that the employee[s] [are] employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee[s] against another, the use of force is not unexpected by the employer." 2015 WL 6689850, at *3 (citation omitted). The District Court faulted the Robinsons for failing to allege "any facts demonstrating that Family Dollar expected its employees to use such intentional force." *Id.*

I disagree. The second amended complaint alleged that the employees confronted and assaulted Ben Robinson on suspicion of shoplifting, at least in part, "for the purpose of serving Family Dollar." SAC ¶ 44. It is plausible—not speculative—that an employer might expect its employees to use force to protect an employer's property. Moreover, it is reasonable to expect discovery to reveal Family Dollar's policy for how

2

its employees should handle suspected shoplifters, what training Family Dollar gives its employees to handle these situations, and the extent it authorizes the use of force. Hence I would hold that the Robinsons have pled facts sufficient to invoke the *respondeat superior* doctrine at the motion-to-dismiss stage.

As for the negligent-supervision claim, the District Court faulted the Robinsons for alleging that the employees were acting within the scope of employment, whereas an employer can be liable only for employee conduct outside the scope of employment. "Rather than cure this deficiency," the second amended complaint's negligence count alleged that "'[m]onitoring for theft is within the scope of . . . employment.'" 2015 WL 6689850, at *4 (quoting SAC ¶ 55). However, a plaintiff may plead in the alternative. Construing the allegations in the light most favorable to the Robinsons, they are pleading that Family Dollar is liable either 1) under the *respondeat superior* theory because its employees were acting *within* the scope of employment, or 2) under a negligence theory because its employees were acting *outside* the scope of employment, and Family Dollar should have done more to police this behavior. Thus, the Robinsons allege that although "[m]onitoring for theft is within the scope of the John Does' employment," assaulting shoplifters is not.

It is plausible that an employer is negligent in training or supervising its employees if its employees attack customers on suspicion of shoplifting. The District Court ruled, however, that the first amended complaint failed to allege a basis for negligence because it had not "allege[d] any facts showing that Family Dollar employees had dangerous propensities warranting Family Dollar's supervision or that the assault . . .

3

[was] reasonably likely to occur." 2015 WL 3400836, at *5. The Court then faulted the second amended complaint for "fail[ing] to allege anything factually supportive of a negligence claim." 2015 WL 6689850, at *4. I disagree with this analysis. It is plausible to infer that employees who attack customers might have dangerous propensities. In addition, it is plausible to infer that if an employee has those propensities the situation might escalate when he confronts a shoplifter. Accordingly, the factual allegations, though bare, make out a plausible claim of negligence.

In summary, the main problem with the District Court's reasoning is that it seems to fault the Robinsons for failing to allege facts that at the complaint stage are unavailable but would be reasonably expected to be discovered. What an employer expects an employee to do when it suspects a customer of shoplifting, how an employer trains its employees to confront potential shoplifters, and what an employer may know about its employees or their dangerous propensities, are uniquely in the control of the employer. To the extent this information is public, a plaintiff should allege it. But here, all Ben Robinson appears to know is that he went to Family Dollar, was suspected of shoplifting, and then was assaulted by Family Dollar employees. The allegations, spare as they may be, suffice in this context. I thus respectfully dissent as to the assault and negligence claims.